U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 15 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

LEONARD RAY SMITH

CRIMINAL NO. 04-50095-01
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is Leonard Ray Smith's ("Smith") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 69. Based on the following, Smith's motion is **DENIED**.

## I. BACKGROUND

A federal grand jury returned a two-count indictment against Smith charging him with knowingly and intentionally possessing with the intent to distribute Ecstasy and with possessing and carrying firearms during and in relation to a drug trafficking crime. See Record Document 5. A jury found him guilty of both counts and he was sentenced on April 7, 2005, to thirty months of imprisonment as to count one and sixty months of imprisonment as to count two (to run consecutively) for a total of ninety months of imprisonment. See Record Documents 45 and 57. The court entered

judgment on April 20, 2005. See Record Document 58. Smith filed the instant motion on September 3, 2008. See Record Document 69.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As mentioned, Smith was sentenced and judgment was entered on April 20, 2005. See Record Document 58. He filed a timely notice of appeal to the Fifth

Circuit Court of Appeal, which affirmed his conviction on April 24, 2006. See Record Document 66.

Applying the one-year limitation period provided in the AEDPA, Smith's section 2255 motion would have been barred in April of 2007. His section 2255 motion, however, was not filed until September of 2008, long after the expiration of the one-year period. Therefore, his motion is clearly untimely.

Accordingly, **IT IS ORDERED** that Smith's motion to vacate, set aside, or correct sentence under section 2255 (Record Document 69) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 15th day of September, 2008.

JUDGE TOM STAGG